SCHWANDT *v.* WILLIAM WRIGHT CO.[1]

DEATH OF EMPLOYÉ — CONTRIBUTORY NEGLIGENCE — DUTY OF EMPLOYER.

*1. Where an employé climbed upon the roof of a building to remove a plank, placed to protect the building and those working within from the falling of heavy weights above the building, used in raising and lowering doors, he was found guilty of contributory negligence, and his administratrix cannot recover where he was killed by the falling of one of the weights.

2. An employer is under no obligation to inspect what he has no reason to believe any of his employés will interfere with, and with which he has no right to interfere.

Error to Wayne; Hosmer, J. Submitted April 19, 1901. Decided May 7, 1901.

Case by Minnie Schwandt, administratrix of the estate of Julius Schwandt, deceased, against the William Wright Company, for negligently causing the death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Reversed.

Defendant, a manufacturing corporation, has a dry kiln, 18 feet wide and 25 feet long, extending from its main building, used for drying lumber. At each end is a passageway about 8 feet wide. Along the center of the kiln is a track consisting of two rails, used for propelling platform cars. Upon these cars lumber is loaded and taken in and out of the kiln. The roof is flat, covered with pine flooring about three-fourths of an inch thick, laid on joists 2x12, about 16 inches apart. Two joists extend through the roof, upon each of which is a pulley.

---

[1] Rehearing denied, but new trial granted, July 19, 1901.

* Head-notes by GRANT, J.

Over each pulley is an iron cable, one end of which is attached to a door and the other to a weight containing about 300 pounds. The weights are made of boxes filled with scrap iron. To protect the roof and guard against accident, a plank about 17 feet long, 12 inches wide, and 3 inches thick, of Norway pine, was placed directly underneath the weights, so that, when the door was raised, the weights would rest upon the plank. This plank was not nailed, nor was it necessary to do so in order to keep it in place. There was no occasion for any employé of the defendant to go upon the roof. The plank could only be removed by some human agency. Plaintiff's decedent, Julius Schwandt, and another employé, had taken a lot of lumber from the kiln. They then pulled down the door, and, while doing this, one of the cables parted, the weight came down, broke through the roof between the joists, and fell upon the decedent, causing his death. The negligence charged is the failure to inspect the cables, and prevent their becoming unfit for use from rust. Plaintiff had a verdict and judgment.

*Fred A. Baker* ( *George Gartner*, of counsel), for appellant.

*James H. Pound*, for appellee.

GRANT, J. (*after stating the facts*). It is conceded that, if the defendant had taken no precaution to protect the roof from the falling of one of these weights, it would be liable. Defendant had no knowledge that this plank had been removed. There is no evidence that it was not sufficient to stop the weight if it should fall. After the accident, an investigation disclosed that the plank had been removed from its place, so that the weight did not strike it as it fell. It had been removed but a short time, as was apparent from the appearance of the roof underneath where it had been placed. The sole evidence as to its removal is from an employé who worked with Mr. Schwandt. He testified that some time before the acci-

dent, he and Mr. Schwandt loaded a car so high that it could not be taken out when the door was raised to its full height with the weights resting on the plank. Mr. Schwandt said he could arrange it so as to raise the door higher. He went into the yard, took a ladder, went upon the top of the building, and removed the plank. The door was then raised to a sufficient height to permit the load to be taken out. These facts were uncontradicted. It is apparent that the defendant had taken ample precaution to prevent accidents of this kind. The plank would have stopped the weight. It was not responsible for its removal. It had no reason to suppose that anybody would go upon the roof to remove the plank. The theory upon which the circuit judge submitted it to the jury appears from the following excerpt from his charge:

" It may present a question of negligence on the part of that employé; but if it was susceptible of removal, as the testimony shows, I think it is for you to say whether a sufficient inspection of the premises was made by the company to insure the safety,—to insure the fact that the plank was in proper position, if the safety of those below was made to depend upon the existence of the plank in that place."

The defendant was under no obligation to inspect what it had no reason to believe any one of its employés would interfere with, and which he had no right to interfere with. If it had made safe provisions for preventing the weights from doing damage if they should fall, it was relieved from the duty of inspecting the cables. The deceased alone was responsible for the injury, and his own negligence prevents a recovery.

Judgment reversed, and no new trial ordered.

HOOKER, MOORE, and LONG, JJ., concurred. MONTGOMERY, C. J., did not sit.